UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERLINDA ESQUIBEL<br>*Plaintiff,*<br><br>v.<br><br>RCAP HOLDINGS, LLC; DOLLAR GENERAL INC.; DOLGENCORP OF TEXAS INC.<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO. 5:21-CV-408 |

## NOTICE OF REMOVAL

To the Honorable Court:

Defendant Dollar General Corporation[1] and Defendant Dolgencorp of Texas, Inc. hereby remove this lawsuit, which is currently pending in the 454th Judicial District, Medina County, Texas, Cause No. 21-04-27045-CV, to the United States District Court for the Western District of Texas, San Antonio Division, under this Court's diversity jurisdiction, and would respectfully show the Court as follows:

### Background

1. On April 14, 2021, Plaintiff filed her Original Petition in Texas state court. *See* **Exhibit A**. Plaintiff alleges that she was injured when an employee of Dollar General pushed a heavy box off a tall shelf, which struck her and caused her injury. Plaintiff alleges causes of action for negligence and negligent hiring, supervision, and management. Plaintiff demands monetary

---

[1] In the caption to Plaintiff's Original Petition, Defendant Dollar General Corporation is misnamed as Dollar General, Inc.; however, it is correctly named in the description of the parties. Plaintiff's Original Petition, ¶ 3.3. There is no entity named Dollar General, Inc.

{00685233}

relief between $250,000 and $1,000,000. Plaintiff demanded a jury trial. The docket sheet to the state court action is attached to this notice. *See* **Exhibit B**.

## GROUNDS FOR REMOVAL

2. This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

### A. Citizenship of the Parties

3. Plaintiff is a natural person who is a citizen of the State of Texas.

4. Defendant RCAP Holdings, LLC is a limited liability company formed under the laws of the State of Delaware and its principal place of business is in the state of New York. Upon information and belief, none of RCAP Holdings, LLC's members are citizens of the state of Texas. Moreover, even if any of RCAP Holdings, LLC's members were citizens of the state of Texas, RCAP's citizenship is irrelevant for the purposes of diversity jurisdiction because it has been improperly joined in this action as there is no reasonable basis to predict Plaintiff may be able to recover against RCAP Holdings, LLC based on the allegations in the Original Petition.

5. Defendant Dollar General Corporation is a corporation incorporated under the laws of the State of Tennessee and its principal place of business is in the State of Tennessee. Accordingly, it is a citizen of Tennessee for the purposes of diversity jurisdiction

6. Defendant Dolgencorp of Texas Inc. is a corporation incorporated under the laws of the State of Kentucky and its principal place of business is in the State of Tennessee. Accordingly, it is a citizen of those states for the purposes of diversity jurisdiction.

**B. Amount in Controversy**

7.  The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

8.  Here, it is facially apparent from Plaintiff's original petition that the claim exceeds $75,000.00. Specifically, Plaintiff alleges she seeks monetary relief between $250,000 and $1,000,000.

## REMOVAL IS PROCEDURALLY PROPER

9.  This notice of removal is timely filed before the removing Defendants have been served with service of process of the state court petition. *See* 28 U.S.C. §1446(b)(3).

10. Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Medina County, Texas, the place where the state court action was filed.

11. Defendant RCAP Holdings, LLC's consent to removal is not required because it has been improperly joined in this action. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (per curiam) (holding that a removing defendant does not need to obtain the consent of improperly joined parties and thus no requirement to even explain the absence of consent in the notice of removal).

12. At the time of the removal, none of the removing Defendants have been served with any pleadings, process, and orders in the state court action. *See* 28 U.S.C. §1446(a).

Notwithstanding the lack of service on the removing Defendants, the Original Petition and in the state court action and the state court's docket sheet are attached to this Notice of Removal

13. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the District Clerk of Medina County.

### PRAYER FOR RELIEF

14. The removing Defendants pray that the Court accept jurisdiction over the state court action for the reasons set forth above, and grant Defendants any such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

/s/ Jose "JJ" Treviño, Jr.
**Jose "JJ" Treviño, Jr.**
State Bar No. 24051446
jtrevino@valdeztrevino.com
**Joseph E. Cuellar**
State Bar No. 24082879
jcuellar@valdeztrevino.com
**VALDEZ & TREVIÑO,**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797
*Counsel for Defendant Dollar General Corporation and Dolgencorp of Texas, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 22nd day of April 2021, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via email:

F. Scott De la Garza
Zachary O. Luce
DLG LUCE SALAZAR PLLC
15900 La Cantera Parkway, Ste. 20255
San Antonio, Texas 78256
*Counsel for Plaintiff*

                                                                */s/* Joseph E. Cuellar
                                                                 **Joseph E. Cuellar**