**EXHIBIT "A"**
Case 5:21-cv-00408-JKP   Document 1-1   Filed 04/22/21   Page 1 of 9

FILED 4/14/2021 1:17 PM
Cindy Fowler, District Clerk
Medina County, Texas
By: Charles Rine, Deputy
21-04-27045-CV

CAUSE NO. _____

| | | |
|---|---|---|
| ERLINDA ESQUIBEL; | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | ___th JUDICIAL DISTRICT |
| VS. | § | |
| | § | |
| RCAP HOLDINGS, LLC, DOLLAR | § | |
| GENERAL, INC., AND DOLGENCORP | § | |
| OF TEXAS, INC; | § | MEDINA COUNTY, TEXAS |
| *Defendant.* | | |

**PLAINTIFF'S ORIGINAL PETITION & REQUESTS FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff ERLINDA ESQUIBEL, and files this Plaintiff's Original Petition against Defendants RCAP HOLDINGS, LLC, DOLLAR GENERAL, INC., AND DOLGENCORP OF TEXAS, INC, and for cause of action respectfully submits as follows:

**I.**
**JURY DEMAND**

1.1   Plaintiffs request trial by jury and previously submitted the appropriate jury fee.

**II.**

## DISCOVERY CONTROL PLAN

2.1     Plaintiff intends to conduct discovery under Level Three (3) of Rule 190.4 of the Texas Rules of Civil Procedure and will seek an agreed order or other order to this effect.

## III.
## PARTIES

3.1     Plaintiff Erlinda Esquibel is an individual residing in Texas.

3.2     Defendant RCAP Holdings, LLC is a Delaware Limited Liability Company with its principal place of business in New York.  RCAP Holdings, LLC may be served with process by serving its Registered Agent, The Corporation Trust Company at Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801. (hereinafter "RCAP"). *Service on this Defendant is requested at this time.*

3.3     Defendant Dollar General Corporation is a Tennessee Corporation, with its principal place of business in Goodlettsville, TN.  Dollar General Corporation may be served with process by serving its Registered Agent, Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312. (hereinafter "Dollar General").  *Service on this Defendant is requested at this time.*

3.4     Defendant, DOLGENCORP OF TEXAS, INC. is a Texas Corporation. It may be served with process by serving its Registered Agent for Service of Process,

Copy from re:SearchTX

Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. (hereinafter "DOLGENCORP"). *Service on this Defendant is requested at this time.*

3.5   To the extent that any Defendant is/was conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to Rule 28 of the Texas Rules of Civil Procedure.  Plaintiff further demands that upon answering this suit, any such Defendant answer in their correct legal name and assumed name.

## IV.
## JURISDICTION AND VENUE

4.1   Venue is proper in Medina County because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.  *See* TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

4.2   Jurisdiction is proper because Plaintiff has been and will continue to be damaged by Defendant in Medina County in an amount in excess of the minimal jurisdictional limits of this Court.

4.3   The amount in controversy exceeds the minimal jurisdictional limits of this Court. Plaintiff seeks monetary relief of $250,000.00 to $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

*Plaintiffs' Original Petition*

Copy from re:SearchTX

4.4     Plaintiff expressly disavows any claims are being made pursuant to federal law, treaties, or constitution. Further, one or more of the properly joined and served Defendants are citizens of the state in which this action is brought.  Any removal, or consent to removal, of this case to federal court would be improper. All conditions precedent have been performed or have occurred.

## V.
## FACTUAL BACKGROUND

5.1     Pursuant to Section 10.001 of the Civil Practice and Remedies Code, each allegation or other factual contention below has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

5.2     On or about September 3, 2019, while shopping at Dollar General store No. 3849, located at 2541 19th Street, Hondo, Texas 78861, Ms. Esquibel was walking in one of the store aisles when an employee of Dollar General caused her injury. Specifically, Ms. Esquibel was struck by a heavy box that the employee pushed off a tall shelf where it landed on the Plaintiff breaking her humerus.  Plaintiff suffered personal injuries and damages as a result of the falling box, which was proximately and directly

caused by Defendant.

# CAUSES OF ACTION

## VI.
## Negligence

6.1	Plaintiffs incorporate the facts as stated above and would show that they are entitled to a judgment against Defendant on a theory of Negligence. Plaintiff Esquibel was a business invitee of Defendant Dollar General, to whom Defendant owed a duty to warn of any dangerous conditions on or about the premises, a duty to alleviate or guard against any dangerous conditions on or about the premises, and a duty to maintain its premises in a reasonable and safe condition. Defendant failed to do so. Specifically, Defendant Dollar General failed to maintain the premises, failed to exercise reasonable care and failed to warn Plaintiff Esquibel of the dangerous conditions of the store and its floors. Defendant Dollar General failed to adequately use signage or otherwise close the aisle to prevent incidents such as the one that occurred, and otherwise failed to take appropriate and reasonable action to protect its patrons, including Plaintiff Esquibel from the risk of harm and injury. The condition of Dollar General on the day in question was unreasonably dangerous. This conduct and these acts and omissions were a proximate cause of the injury and harm to Plaintiff Esquibel

Copy from re:SearchTX

for which she sues and for which Defendant Dollar General.

## VII.
## Negligence Hiring, Supervision and/or Management

7.1   Plaintiff Esquibel incorporates the facts as stated above and would show that he is entitled to a judgment against Defendant on the theory of Negligence Hiring, Supervision and/or Management. Plaintiff Esquibel would show that Defendant Dollar General owed a duty to clients and customers, including Plaintiff Esquibel, to exercise ordinary care in the hiring of competent employees and in the supervision and management of said employees.

7.2   Plaintiff would further show that Defendant Dollar General failed to use ordinary care in these respects, including but not limited to failing to properly investigate potential job applicants, failing to properly supervise said Defendant's personnel, failing to implement adequate safeguards to prevent the situation that results in Plaintiff's damages, and failing to provide adequate oversight for such employees. These conditions created an environment in which misrepresentations to clients and customers were likely and reasonably foreseeable to occur, and which in fact did occur in the course of the transactions involving Plaintiff described hereinabove, which proximately caused the damages sustained by Plaintiff herein, and for which Plaintiff hereby sues.

Copy from re:SearchTX

Plaintiff has sustained damages as more particularly set out hereinafter.

## VIII.
## DAMAGES

8.1   As a direct and proximate result of the negligence and violations more fully described above, Plaintiff has been damaged by Defendant's acts and/or omissions and those damages are within the jurisdictional limits of this Court.  Plaintiff brings this action to recover money damages for the following:

1. Physical pain and suffered and bodily injuries in the past;

2. Physical pain and suffering in the future;

3. Past and future physical impairment;

5. Loss of income/loss of earning capacity in the past and future;

4. Mental anguish in the past and in the future; and

5. Reasonable and necessary medical expenses in the past and that will be in all likelihood incurred in the future.

## IX.
## CONDITIONS PRECEDENT

9.1   All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

Copy from re:SearchTX

## X.
### INITIAL DISCLOSURES

10.1    Plaintiff hereby requests that Defendants disclose to Plaintiff within 30 days of the filing of the first answer, Defendant's Initial Disclosures pursuant to Texas Rule of Civil Procedure 194.2.

## XI.
### PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff Erlinda Esquibel requests that Defendants RCAP HOLDINGS, LLC, DOLLAR GENERAL, INC., AND DOLGENCORP OF TEXAS, INC be cited to appear and answer and that, on final trial, Plaintiffs have the following:

1. Judgment against Defendant in a sum within the jurisdictional limits of the Court;
2. Actual damages;
3. Pre-judgment and post-judgment interest at maximum amount provided by law;
4. Costs of suit; and
5. All other and further relief, at law or in equity, to which Plaintiff may show itself justly entitled.

*Respectfully submitted,*

DLG LUCE SALAZAR PLLC
15900 La Cantera Pkwy, Ste 20255

*Plaintiffs' Original Petition*

Copy from re:SearchTX

San Antonio, Texas 78256
Telephone: 512.333.4442
Fax: 844.747.0555

By: _____
F. SCOTT DE LA GARZA
State Bar No. 24055387
fscott@dlgluce.com
ZACHARY O. LUCE
State Bar No. 24057685
luce@dlgluce.com

**ATTORNEYS FOR PLAINTIFF**

Copy from re:SearchTX